# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **HAFTERLAW, LLC,** | 2:13-cv-01943-GMN-NJK |
| Plaintiff(s), | |
| vs. | **ORDER** |
| **NEELU PAL, M.D.,** | Motion to Stay Discovery (Docket No. 27) |
| Defendant(s). | |

Before the Court is Defendant Neelu Pal's Motion to Stay Discovery. Docket No. 27. The Court has reviewed Defendant's Motion, Docket No. 27, and Plaintiff's Response, Docket No. 29. For the reasons discussed below, Defendant's motion is hereby GRANTED in part.

## BACKGROUND

This is a breach of contract case in which Plaintiff asserts that Defendant breached a contract for legal representation by Plaintiff in a New Jersey litigation. Docket No. 1. Plaintiff filed this case in the District Court of Clark County Nevada. *Id*. Thereafter, Defendant, appearing *pro se*, removed the case to federal court. *Id*.

On November 15, 2013, Plaintiff filed its motion for summary judgment. Docket No. 9. Defendant filed her answer to the complaint on November 21, 2013. Docket No. 12. In her answer, Plaintiff alleged counterclaims for negligence, breach of contract, breach of fiduciary duties, breach of duty of good faith and fair dealing, negligence per se, and breach of duty as an attorney. *Id*. On November 26, 2013, Plaintiff filed a motion to dismiss all counterclaims. Docket

No. 13. On December 8, 2013, Defendant filed a motion to dismiss or in the alternative to transfer venue to the United States District Court for the District of New Jersey. Docket No. 17.

On January 7, 2014, Plaintiff filed a proposed discovery plan and scheduling order. Docket No. 24. The Court denied the discovery plan and scheduling order because Defendant did not stipulate to it and, additionally, it did not comply with the Local Rules. Docket No. 26. On January 10, 2014, Plaintiff filed a revised discovery plan and scheduling order. Docket No. 28. Plaintiff did not stipulate to that discovery plan either. *Id*. Further, that same day, Defendant filed the instant motion requesting a stay of discovery pending the disposition of her motion for change of venue and Plaintiff's motion for summary judgment and motion to dismiss counterclaims. Docket No. 27.

## **DISCUSSION**

The pendency of a dispositive motion alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). To determine whether this requirement is met, the Court employs a two-part test: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio,* 288 F.R.D. at 506; *citing e.g., Mlejnecky,* 2011 WL 489743, at *6. Therefore, as a threshold matter, the movant must establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Tradebay,* 278 F.R.D at 601. Once a party has met the threshold requirement, the court must consider whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S.*

1   *Dept. of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013); citing *Mlejnecky v. Olympus Imaging
2   America, Inc., 2011 WL 489743, at \*6 (E.D.Cal. Feb. 7, 2011).* To make this determination, "the
3   court deciding the [request] to stay must take a 'preliminary peek' at the merits of the pending
4   dispositive motion to assess whether a stay is warranted."[1] *Id.* The Court must decide "whether it
5   is more just to speed the parties along in discovery and other proceedings while a dispositive
6   motion is pending, or whether it is more just to delay or limit discovery and other proceedings to
7   accomplish the inexpensive determination of the case." *Id*.

8   Here, Defendant has shown good cause and met her burden of showing why discovery
9   should be stayed pending a resolution of Plaintiff's motion for summary judgment. This is a
10  contract-based dispute and, therefore, as asserted by Plaintiff, there are no material facts in
11  dispute concerning his claims. Docket No. 9. The pending motion for summary judgment is
12  potentially dispositive to issues on which discovery is sought, *see* Docket No. 28, and it can be
13  decicided without additional discovery. Further, there are three dispositive motions pending in
14  this matter and a decision on the motion for summary judgment will greatly simplify some
15  preliminary issues of proof.

16  The Court has taken a preliminary peek at the merits of the pending motion for summary
17  judgment and finds that it is more just to delay discovery to accomplish the inexpensive
18  determination of the case than to speed the parties along in discovery while the dispositive
19  motion is pending.

20  . . .

21  . . .

---

23  [1]As the Court in *Ministerio Roca Solida* stated, "taking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The
24  district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's 'preliminary peek' at the merits of the underlying
25  motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives
26  of Rule 1." Federal Rule of Civil Procedure 1 directs that the Rules shall "be construed and
27  administered to secure the just, speedy, and inexpensive determination of every action."

28                                    3

**CONCLUSION**

Accordingly, discovery in this matter is hereby **STAYED** pending resolution of Plaintiff's motion for summary judgment. The parties are **ORDERED** to provide the undersigned with a revised discovery plan within 14 days of any order denying the motion for summary judgment.

IT IS FURTHER ORDERED that the stay is **not** in place pending a determination on Defendant's motion for change of venue or Plaintiff's motion to dismiss counterclaims.

IT IS FURTHER ORDERED that Plaintiff's Proposed Discovery Plan and Scheduling Order (Docket No. 28) is DENIED.

DATED this  10th  day of January, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge